1

2

3

4                   **UNITED STATES DISTRICT COURT**

5                          **DISTRICT OF NEVADA**

6

7   ANTHEM HIGHLANDS COMMUNITY          )
    ASSOCIATION et al.,                 )
                                        )
8                   Plaintiffs,         )
                                        )        2:12-cv-00207-RCJ-CWH
9        vs.                            )
                                        )                **ORDER**
10  VIEGA, INC. et al.,                 )
                                        )
11                  Defendants.         )
                                        )

12

13       This Rule 23 class action arises out of the installation of allegedly defective high-zinc-

14  content "yellow brass" (high zinc content) plumbing fittings in residences throughout the Las

15  Vegas area.  Several duplicative such class actions have been filed in this District by the same

16  law firms against many of the same defendants, albeit with different named plaintiffs.  Most such

17  actions have been removed from state court, but Plaintiffs filed the present case in this Court.

18  Several motions are pending before the Court.  The Court recently ruled on several similar

19  motions in a nearly identical case, *Waterfall Homeowners' Association v. Viega*, 2:11-cv-1498.

20  The Court has recently consolidated the present case as a member case under *Slaughter v.*

21  *Uponor*, No. 2:08-cv-1223.

22  **I.       FACTS AND PROCEDURAL HISTORY**

23       Plaintiff Anthem Highlands Community Association ("Anthem Highlands") has filed the

24  present Rule 23 class action.  Plaintiff represents its own 1232 members directly but also wishes

25  to represent up to 10,000 homeowners associations representing up to 250,000 similarly situated

1   homeowner members throughout the Las Vegas area via this class action.  Plaintiff seeks

2   damages pursuant to Chapter 40 of the Nevada Revised Statutes ("NRS") based upon damage

3   and potential future damage to class members' homes arising out of the failure or potential future

4   failure of yellow brass plumbing fittings and components manufactured by "Vanguard/Viega"

5   and "Wirsbo/Uponor."

6          Plaintiff sent its Chapter 40 notice to Defendants on June 30, 2011.  Defendants

7   responded by denying liability, except for Uponor Defendants, who have not responded.  Plaintiff

8   sued Defendants in this Court on February 9, 2012.  Plaintiff has sued the following Defendants:

9   (1) Viega, Inc.; (2) Viega, LLC; (3) VG Pipe, LLC; (4) Vanguard Piping Systems, Inc.; (5)

10  Vanguard Industries, Inc.; (6) Viega GMBH & Co. KG; (7) Viega International GMBH; (8)

11  Uponor Corp.; (9) Uponor, Inc.; (10) Wirsbo Co.; (11) Uponor Wirsbo Co.; and (12) Del Webb

12  Communities, Inc..  Defendants 1–5 are referred to collectively herein as the "U.S. Viega

13  Defendants."  Defendants 6–7 are referred to collectively herein as the "German Viega

14  Defendants."  Defendants 1–7 are referred to collectively herein as the "Viega Defendants."

15  Defendants 8 is referred to herein as the "Finnish Uponor Defendant."  Defendants 9–11 are

16  referred to collectively herein as the "U.S. Uponor Defendants."  Defendants 8–11 are referred to

17  collectively herein as the "Uponor Defendants."  Many of these Defendants have been sued in

18  identical class actions by the same law firms, but with different named plaintiffs.

19         The Complaint lists ten nominal causes of action: (1) Breach of Implied Warranties; (2)

20  Breach of Express Warranties (Viega Defendants); (3) Breach of Express Warranties (Uponor

21  Defendants); (4) Breach of Express Warranties (all Defendants except Viega and Uponor

22  Defendants); (5) Negligence and Negligent Misrepresentation; (6) Strict Liability; (7)

23  Declaratory and Equitable Relief; (8) Violation of Nevada Deceptive Trade Practices Act (all

24  Defendants except Del Webb); (9) Alter Ego (Uponor Defendants); and (10) Alter Ego (Viega

25  Defendants).  The nominal fifth cause of action constitutes two separate causes of action.  The

1  nominal seventh cause of action lists two measures of relief but no independent cause of action.

2  The nominal ninth and tenth causes of action are not independent causes of action but legal

3  theories relevant to the other underlying causes of action.  Pending before the Court are three

4  motions to dismiss, a motion to sever, a motion to strike, a motion for leave to file excess pages,

5  and a motion to extend time.

6  **II.    DISCUSSION**

7      The Court has issued many rulings in the related cases that settle most of the issues in the

8  present motions.  The Court has determined to consolidate the cases under *Slaughter v. Uponor*,

9  and the law of the case as given in any of the member cases will stand as the law of the case in

10  the consolidated cases.  As the consolidation order notes, Plaintiffs' counsel will have ten days to

11  amend both the Complaint and the motion for class certification.  After amendment of the

12  Complaint to consolidate the parties and claims, the Court will adjudicate further motions, which

13  must be filed in the lead case, including any motions to clarify the preclusive effect of previous

14  rulings in the member cases.  But the Court will not at this stage continue to adjudicate repetitive

15  issues in the member cases one-by-one.  Plaintiffs' counsel is the same in each case, and for the

16  sake of efficiency, the Court further encourages Defendants' counsel to file joint pleadings where

17  possible.

**CONCLUSION**

19      IT IS HEREBY ORDERED that all motions in the present case are denied, without

20  prejudice.

21      IT IS SO ORDERED.

22  Dated this 14th day of January, 2013.

_____
ROBERT C. JONES
United States District Judge