**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DANIEL JAMES HARTMANN, et al.,

    Plaintiffs,

vs.

UPONOR, INC., et al.,

    Defendants.

2:08-cv-01223-RCJ-GWF

**Order Severing and Consolidating Vanguard-related Claims**

This case arises out of the manufacture, marketing, distribution, and installation of allegedly defective "yellow brass" plumbing components, which Plaintiffs allege caused harm, or threaten to cause harm, to their residences. The Court previously consolidated nine member cases with this action, because they involve nearly identical defect allegations.[1] A number of the consolidated actions include claims related to both the Uponor- and Vanguard-brand plumbing systems and components. In one of the member cases, *Waterfall Homeowners Association v. Viega, Inc.*, No. 2:11-cv-1498, the Court severed the Uponor-related claims from the Vanguard-related claims.[2] For the same reasons supporting severance in that action, the Court finds that severance of the Vanguard/Viega-related claims for all purposes, including discovery and trial, is appropriate in two other member cases: *Southern Terrace Homeowners Association v. Viega, Inc.*, No. 2:12-cv-206; and *Anthem Highlands Community Association v. Viega, Inc.*, No. 2:12-cv-207. This severance is along product lines—Vanguard/Viega versus Wirsbo/Uponor—and, therefore, severs all claims involving the Vanguard/Viega products asserted by or against any and all parties from all claims involving the Wirsbo/Uponor products. To further manage its docket, and for the reasons the Court mentioned during the status conference held on January 11, 2013, the

---

[1] *See* Orders dated October 27, 2011 (Doc. 583) and January 14, 2013 (Doc. 673). The cases consolidated by those orders include *Fulton Park* (2:11-cv-783), *Dakota* (2:11-cv-812), *Wolinsky* (2:11-cv-830), *Waterfall* (2:11-cv-1498), *The Seasons* (2:11-cv-1875), *Southern Terrace* (2:12-cv-206), *Anthem Highlands* (2:12-cv-207), *Lamplight Square* (2:12-cv-2), and *Solera at Anthem* (2:11-cv-425).

[2] *See Waterfall* Order dated November 26, 2012 (Doc. 127 in Case No. 2:11-cv-1498).

Court consolidates for all purposes, including discovery and trial, the severed claims involving the Vanguard/Viega products from these three member cases.[3] The *Waterfall* case shall be the lead action for the severed and consolidated Vanguard/Viega claims, and all further pleadings and papers related to the Vanguard/Viega products shall be filed in the lead case only.

## CONCLUSION

IT IS HEREBY ORDERED that all claims related to the Vanguard/Viega plumbing system are SEVERED from the following cases: *Southern Terrace Homeowners Association v. Viega, Inc.*, No. 2:12-cv-206; and *Anthem Highlands Community Association v. Viega, Inc.*, No. 2:12-cv-207.

IT IS FURTHER ORDERED that the Vanguard/Viega claims severed from the *Southern Terrace Homeowners Association v. Viega, Inc.*, No. 2:12-cv-206; and *Anthem Highlands Community Association v. Viega, Inc.*, No. 2:12-cv-207 actions are CONSOLIDATED for all purposes, including discovery and trial, as member cases into the lead Vanguard/Viega case *Waterfall Homeowners Association v. Viega, Inc.*, No. 2:11-cv-1498.

IT IS FURTHER ORDERED that all discovery in the consolidated Uponor/Wirsbo and Vanguard/Viega actions[4] shall be coordinated to the greatest extent possible so as to minimize the expense and burden on all parties in these actions.

IT IS FURTHER ORDERED that all further Vanguard/Viega-related pleadings and papers shall be filed in the lead Vanguard/Viega case only. Plaintiffs in the lead Vanguard/Viega case shall have leave to file a consolidated amended complaint within 10

---

[3] The member cases with severed Vanguard claims include: *Waterfall Homeowners Association v. Viega, Inc.*, No. 2:11-cv-1498; *Southern Terrace Homeowners Association v. Viega, Inc.*, No. 2:12-cv-206; and *Anthem Highlands Community Association v. Viega, Inc.*, No. 2:12-cv-207.

[4] The consolidated Wirsbo/Uponor action is No. 2:08-cv-1223, and the consolidated Vanguard/Viega action is No. 2:11-cv-1498.

1 days of entry of this order.  The amended complaint shall not add additional legal theories
2 and shall conform to all of the Court's prior orders in the *Waterfall* action.
3      IT IS FURTHER ORDERED that the Clerk shall enter this Order into the dockets of
4 this action, the lead Vanguard case, and the two Vanguard member cases.
5      IT IS SO ORDERED.
6 Dated this 8th day of February, 2013.

_____
ROBERT C. JONES
United States District Judge

10 Respectfully submitted by:

12 /s/ Michael J. Gayan
J. Randall Jones (#1927)
Michael J. Gayan (#11135)
13 KEMP, JONES & COULTHARD LLP
3800 Howard Hughes Parkway, 17th Floor
14 Las Vegas, Nevada 89169
Tel. (702) 385-6000

*Attorneys for Plaintiffs*

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com